**AFFIDAVIT**

I, Alan J. Ross, upon oath depose and say:

1. I am a Detective with the Johnston Police Department and have been so employed for the past 21 years. For the past year, I have been assigned as a Task Force Agent with the Office of Criminal Investigation of the Food and Drug Administration (FDA-OCI) in North Providence, Rhode Island.

2. This affidavit is submitted in support of the Complaint for Forfeiture in Rem against one lot of $21,848.35 in U.S. currency.

3. On September 15, 2005 and on September 22, 2005, Detectives made two (2) controlled buys of Oxycontin, a brand name for the narcotic, oxycodone, a Schedule II controlled substance, from Frank and Janis Ciaramello at their residence, 39 Boundary Avenue, Johnston, Rhode Island, by using a reliable, confidential informant (CS) who has been buying Oxycontin tablets from the Ciaramello's for some time. (See my affidavit of November 3, 2005 in support of a Rhode Island search warrant for 39 Boundary Avenue attached hereto and made a part hereof).

4. On November 3, 2005, members of the Johnston Police Narcotics Unit along with members of the FDA/OCI Task Force executed a search warrant at 39 Boundry Ave. Johnston,

Rhode Island, the home of Frank and Janis Ciaramello. Agents/Detectives located the following U.S. currency and controlled substances at various locations in the master bedroom of the residence: $150.00 in a plastic folder in the purse of Janis Ciaramello along with a pill vial containing two (2) Oxycontin pills and a clear plastic bag containing a baby pacifier and a single Oxycontin pill and a ledger; $257.00 in a large wooden box which also contained empty pill vials and drug ledgers which identified currency amounts, names, and telephone numbers of customers; $95.00, $683.35, $255.00 in separate envelopes in the top dresser drawer along with a pill vial containing four (4) glassine bags each containing heroin and empty pill vials; and $20,408.00 hidden in separate envelopes inside a nylon case along with pill vials with the labels removed or bearing the name Janis Ciaramello in the master bedroom closet. The total currency seized was $21,848.35. Marijuana and pill vials were also seized from a dresser drawer in the front bedroom. Located within the residence were three (3) boxes each containing numerous small tan envelopes', which appear to be similar to the envelope the CS was given when the CS had purchased the Oxycontin from Janis Ciaramello. The Johnston Police Department certified narcotic detection

canine "CARGO" who has been trained to detect the odor of narcotics, (which include any and all forms of opiates (heroin, Oxycontin, marijuana, cocaine and all forms of methamphetamine) later aggressively indicated on the U.S. currency that was seized.

5. Frank and Janis Ciaramello were arrested and charged with distribution of controlled substances. These charges are pending in the Rhode Island Superior Court.

6. Neither Janis nor Frank Ciaramello is employed and their only income is derived from State of Rhode Island Disability Assistance payment checks issued to both of them. Both Janis and Frank Ciaramello have criminal records that include narcotics violations.

7. Based upon the foregoing, there is probable cause to believe that the $20,408.00 in U.S. currency described above was furnished and intended to be furnished in exchange controlled substances, that is, oxycodone and heroin, and constitutes the proceeds of the exchange of controlled substances, and that said currency is, therefore, subject to seizure and forfeiture pursuant to Title 21 U.S.C. § 881(a)(6).

TFA Alan J. Ross

ALAN J. ROSS
Task Force Agent
Office of Criminal Investigations
Food and Drug Administration

Subscribed and sworn to before me
this 14th day of June, 2006.

Notary Public

Notary Public
My commission expires: 8/27/09

# Search Warrant

| | | |
|---|---|---|
| **State Ex rel** | **City/Town** Johnston, R.I. | **County** Providence |

| | | |
|---|---|---|
| **vs Respondent** Frank /Janis Ciaramello, John/Jane Doe<br><br>39 Boundary Ave. Johnston, RI 02919 | **To:** | An Officer authorized by law to execute the within warrant |

Complaint and affidavit having been made to me under oath, and as I am satisfied that there is probable cause for the belief therein set forth that grounds for issuing a search warrant exist, you are hereby commanded diligently to search the place or person herein described for the property specified and to bring such property or articles, and to summon the owner, or keeper thereof, if any be named in the complaint, if to be found by you, to appear before the District Court in the district where such property shall have been seized, namely the Sixth Division of the District Court of Rhode Island.

**Place or person to be searched:**
39 Boundary Ave. Johnston, RI a ranch style residence with an unattached one car garage. The dwelling is of wood frame construction, grey in color with barn red trim. The number 39 is located on the mail box in front of the residence.

**Property or articles to be searched for:**
Phone books or ledgers containing names and addresses of customers and/or suppliers, money, weapons, safes and safe deposit box keys, bank accounts.

**Name of the Owner, keeper, thereof if known to the complainant:**
Frank/Janis Ciaramello alias John/Jane Doe

Said warrant shall be served in the daytime- may be served in the nighttime- within seven (7) days from the issuance hereof, **AND IF NOT SERVED WITHIN SAID TIME TO BE RETURNED FORTHWITH TO A JUDGE SITTING IN THE ABOVE NAMED COURT.**

Property seized by you hereunder shall be safely kept by you under the direction of the Court so long as may be necessary for the purpose of being used as evidence in any case. As soon as may be thereafter, if the same be subject to forfeiture, such further proceedings shall be had thereon for forfeiture as is prescribed by law.

Here of fail not and **MAKE TRUE RETURN PROMPTLY OF THIS WARRANT TO A JUDGE THERE SITTING** with your doings thereon, accompanied by written inventory of any property taken to a judge sitting in the above named court.

Issued at Providence in the county of Providence this 3rd

3rd day of November A.D.2005.

[signature]

**~~Judge of the District Court~~**
**Justice of the Supreme/Superior Court**

[initials]

RETURN OF SERVICE

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE R.I. ........................................ I sc.

At PROVIDENCE R.I. ........................................ (Place) ........................ (date)

A. D. 2005 ........, pursuant to the within warrant I have, made search during the daytime ☐ during the nighttime ☒ as commanded and submit herewith a written inventory of property taken:

See attached physical evidence sheets.

WARRANT RECEIVED ON 9TH DAY OF NOVEMBER 2005 FROM JOHNSTON POLICE DEPARTMENT - ALAN ROSS [signature]

Clerk

I have also summoned Janis and Frank Ciaraamello ........................................ named in said Complaint, as commanded to appear before the 6th ........................ Division of the District Court in PROVIDENCE R.I. ........................ at 9:30 o'clock in the forenoon, on 11-3-4-2005 ........................ A. D. 2005 ........

I have also given to Janis Ciaramello ........................................

the person from whom – from whose premises said property was taken - a copy of the within warrant - I have left a copy of the within warrant at - on the place from which said property was taken - I did not find the person from whose premises said property was taken but left a copy of said warrant at - on the place from which the property was taken.

Det. [signature]
Authorized Officer

# PHYSCIAL EVIDENCE INVENTORY

Case Report Number 05-2979-OF

1. Approximately twenty-one (21) paper ledgers.
2. One (1) Narragansett Electric bill in the name of Janis Ciaramello.
3. Prescription receipts in the name of Frank Ciaramello.
4. One (1) black Case Logic bag with paper envelopes.
5. Two (2) note papers with VIN numbers.
6. Two (2) false Rhode Island Vehicle Inspection stickers.
7. One (1) paper with a pager number.
8. One (1)Computer processor (COMPAQ).
9. Over two dozen papers with contact numbers.
10. One (1) brown wallet w/personal papers, drivers license, check book, and several assorted gift cards, WIC papers.
11. One (1) dresser draw with SSI papers for Janis Ciaramello & Robert Ciaramello.
12. One (1) wooden box containing personal papers for Janis and Frank Ciaramello.
13. One (1) monthly calendar listing doctor appointments.
14. One (1) box of plastic sandwich bags and one(1)bag of assorted plastic bags.
15. One plastic bottle of Texas Magic cleaner.
16. Three prescriptions in the name of Frank Ciaramello.
17. Four(4)boxes of coin envelopes.
18. A pill vial with six (6) 80mg. Oxycontin pills, for Frank Ciaramello by Dr. Corsi.
19. A pill vial with two (2) 20mg. Oxycontin pills, for Frank Ciaramello by Dr. Corsi.
20. A pill vial with twenty-seven (27) 20mg. Oxycontin pills, for Frank Ciaramello by Dr. Corsi.
21. A pill vial with eighty (80) 80mg. Oxycontin pills, written for Frank Ciaramello by Dr. Corsi.
22. A pill vial with fifty-eight (58) 2mg. Alprazolam pills, written for Frank Ciaramello by Dr. Corsi.
23. Four (4) empty pill vial's written for Oxycontin and Alprazolam by Dr. Corsi.
24. One pill vial with a ¼ pill marked Famvir, written for Frank Ciaramello, by Dr. Corsi.

Johnston Police Department, Detective Division
1651 Atwood Avenue, Johnston, Rhode Island

# PHYSCIAL EVIDENCE INVENTORY

Case Report Number 05-2979-OF

25. One (1) pill vial containing ninety (90) .03 mg. Premarin pills, written for Janis Ciaramello by Dr. Michael Coppa.

26. One (1) pill vial containing five (5) 150mg. Clindamycin pills, written for Janis Ciaramello by Dr. Michael Coppa.

27. One (1) pill vial containing twenty (20) 200mg. Bupropion HCL pills, written for Janis Ciaramello by Dr. Michael Coppa.

28. One (1) pill vial containing eight (8) 30mg. Adderall pills, written for Robert Ciaramello by Dr. Hasan Razi.

29. One (1) pill vial containing sixty (60) 125mg. Depakote pills, written for Robert Ciaramello by Dr. Hasin Razi.

30. One (1) pill vial containing one hundred (100) 125mg. Depakote pills, written for Robert Ciaramello by Dr. Hasin Razi.

31. One (1) pill vial containing thirty (30) 25mg. Seroquel pills, written for Robert Ciaramello by Dr. Hasin Razi.

32. One (1) pill vial containing thirteen (13) 25mg. Seroquel pills, written for Robert Ciaramello by Dr. Hasin Razi.

33. One (1) pill vial containing sixty (60) 25mg. Seroquel pills, written for Robert Ciaramello by Dr. Hasin Razi.

34. One (1) pill vial containing fifty (50) 5mg. Oxycodone pills, written for Janis Ciaramello by Dr. Paul Santoro.

35. One (1) pill vial containing zero (0) 20mg. Oxycontix pills, written for Janis Ciaramello by Dr. Paul Santoro.

36. One (1) pill vial containing zero (0) 80mg. Oxycontix pills, written for Janis Ciaramello by Dr. Paul Santoro.

37. One (1) pill vial containing zero (0) 80mg. Oxycontix pills, written for Janis Ciaramello by Dr. Jerrold Rosenberg.

38. One coin envelope containing nine (9) Depakote pills.

39. Four (4) Blister packs of Cefzil.

40. One (1) pill vial containing zero (0) 80mg. Oxycontix pills, written for Janis Ciaramello by Dr. Wadid Azer.

Johnston Police Department, Detective Division
1651 Atwood Avenue, Johnston, Rhode Island

# PHYSCIAL EVIDENCE INVENTORY

Case Report Number 05-2979-OF

41. One (1) pill vial containing forty (40) SM Calcium pills, written for Janis Ciaramello by Dr. Wadid Azer.

42. One (1) pill vial containing twenty-five (25) 5mg. Oxycodone pills, written for Frank Ciaramello by Dr. Wadid Azer.

43. One (1) pill vial containing zero (0) .5mg. Xanax, written for Dawn Evans by Dr. Wadid Azer.

44. One (1) pill vial containing thirty (30) 10mg. Singulair pills, written for Robert Ciaramello by Dr. Paul Wehbe.

45. One (1) pill vial containing thirty-three (33) 500mg. Tetracycline pills, written for Robert Ciaramello by Dr. Paul Wehbe.

46. One (1) pill vial containing one bottle of Otic Ear drops, written for Robert Ciaramello by Dr. Paul Wehbe.

47. One (1) pill vial containing twenty-two (22) 40mg. Protonix pills, written for Frank Ciaramello by Dr. Linda Durand.

48. One (1) pill vial containing twenty-two (22) 12.5mg. Meclizine pills, written for Janis Ciaramello by Dr. Linda Durand.

49. One (1) pill vial containing sixty (60) 20mg. Omeprazole pills, written for Janis Ciaramello by Dr. Eric Rogoff.

50. One (1) pill vial containing zero (0) 150mg. Buproprion pills, written for Janis Ciaramello by Dr. Eric Rogoff.

51. One (1) pill vial containing zero (0) Amoxicillin pills, written for Frank Ciaramello by Dr. Noella Menassa.

52. One (1) pill vial containing zero (0) 7.5mg. Percocet pills, written for Robert Ciaramello by Dr. Anthony Lomardi.

53. One (1) pill vial containing zero (0) 5mg. Oxycodone pills, written for Frank Ciaramello by Dr. Anthony Lombardi.

54. One (1) pill vial containing zero (0) 10mg. Cyclobenzaprine pills, written for Frank Ciaramello by Dr. Anthony Lombardi.

55. One (1) pill vial containing zero (0) 80mg. Oxycontin pills, written for Janis Ciaramello by Dr. John Cece.

Johnston Police Department, Detective Division
1651 Atwood Avenue, Johnston, Rhode Island

# PHYSCIAL EVIDENCE INVENTORY

Case Report Number 05-2979-OF

55. One (1) pill vial containing zero (0) 80mg. Oxycontix pills, written for Janis Ciaramello by Dr. John Cece.

56. One (1) pill vial containing thirty (30) 40mg. Protonix pills, written for Janis Ciaramello by Dr. John Cece.

57. One (1) pill vial containing sixty-seven (67) .5mg. Xanax, written for Janis ciaramello by Dr. John Cece.

58. One (1) pill vial containing one (1) 180mg. Allegra pill, written for Janis Ciaramello by Dr. John Cece.

59. One (1) pill vial containing thirty (30) 10mg. Prochlorperazine pills, written for Janis Ciaramello by Dr. John Cece.

60. One (1) pill vial containing zero (0) .5mg Alprazolam pills, written for Janis Ciaramello by Dr. John Cece.

61. One (1) pill vial containing zero (0) 400mg. Pentoxifylline pills, written for Janis Ciaramello by Dr. John Cece.

62. One (1) pill vial containing thirty (30) 180mg. Allegra pill, written for Janis Ciaramello by Dr. John Cece.

63. One (1) pill vial containing sixty (60) 400mg. Pentoxifylline pills, written for Janis Ciaramello by Dr. John Cece.

64. One (1) pill vial containing 28 (28) 100mg. Atenolol pills, written for Janis Ciaramello by Dr. John Cece.

65. One (1) pill vial containing fifty-four (54) Hydrochlorothiazide, written for Janis Ciaramello by Dr. John Cece.

66. One (1) bag of 20 empty and unmarked pill vial's.

67. One (1) pill vial containing thirty-nine Depakote pills, written for unknown, by unknown

68. One (1) pill vial containing thirty-nine Depakote pills, written for unknown, by unknown

69. One (i) lot of US currency in the total amount of $21,848.35

Johnston Police Department, Detective Division
1651 Atwood Avenue, Johnston, Rhode Island

# State of Rhode Island and Providence Plantations
# Complaint To Search and Seize Property/or Person

To Michael A. Higgins Justice of the Supreme, Superior Court, or Judge of the District Court of the State of Rhode Island
a)____________________ Chief, Deputy Chief, Captain , of Police, Sheriff, Deputy Sheriff of ____________________, Member of the Johnston Police.
b) Detective Alan Ross person authorized by law to bring complaints for violation of the law which is my responsibility to enforce/a person who has a right to possession of the property stolen, embezzled, or obtained by false pretenses:
**On oath complains that:**

1 Certain property has been stolen or embezzled, or obtained by false pretenses, or pretenses, with intent to cheat or defraud within this state or elsewhere;
2 Certain property has been kept, suffered to be kept, concealed, deposited, or possessed in violation of law for purposes of violating the law;
3 Certain property is designed or intended for use, or is or has been used in violation of law, or as a means of committing a violation of law;
4

and prays that a warrant to search and seize said property/person be issued and if the same be subject to forfeiture, that the property be forfeited.

**The person/property or articles to be searched for and/or seized is described as follows:**

Phone books or ledgers containing names and addresses of parties believed to be customers and/or suppliers, money, safes and safe deposit box keys, paperwork involving financial institutes, prescriptions, blank prescriptions or prescriptions pads.

**The name of the owner or keeper, (If Known):**

Frank/Janis Ciaramello

**The place or person to be searched is described as follows:**

39 Boundary Ave. Johnston, RI a ranch style residence with an unattached one car garage. The dwelling is of wood frame construction, grey in color with barn red trim .The number 39 is located on the mail box in front of the residence.

**Your complainant prays that said warrant may be served in the nighttime for the reason that:**

Information learned during this investigation is that the suspects are home during the nighttime hours and so that approaching officers can use the cover of darkness for safety reasons. MAH

**Subscribed and sworn to before me:**
12/3/04
**Date**

[signature]
**Judge/Justice**

Det. Alan Ross
**Complainant**

[initials]

**AFFIDAVIT**

Your affiant upon oath states that he has reason to believe and does believe that grounds for a search warrant exists and states the following facts on which such belief is founded on the following affidavit.

Your affiant, Detective Alan Ross, a (21) twenty-one year member of the Johnston Police Department and is currently assigned to the Narcotics Unit. Your affiant is also a deputized task force agent with the United States Food and Drug Administration's Office of Criminal Investigation (FDA-OCI). Your affiant does depose and say the following:

On or about September 14, 2005, your affiant along with Detective Albert Faella spoke to a confidential source, hereafter referred to as, "CS." The CS has never provided information or services to the Johnston Police prior to this occasion but much of the information provided on this date has been corroborated and deemed reliable. The CS advised that he/she (CS) knows Janis and Frank Ciaramello as OxyContin traffickers residing at the address of 39 Boundary Avenue in the City of Johnston, Rhode Island. Your affiant knows that OxyContin is a brand name for the narcotic, Oxycodone, a schedule II controlled substance. The CS further advised that the CS has purchased OxyContin from both Frank and Janis Ciaramello in the past from inside the residence located at 39 Boundary Avenue, Johnston, Rhode Island on numerous occasions in the past. On or about September 14, 2005, your affiant and Detective Faella conducted surveillance and observed a vehicle, bearing Rhode Island registration JC-821, parked in the driveway located at 39 Boundary Avenue, Johnston, Rhode Island. Records maintained by the Rhode Island Motor Vehicle Registry reveal JC-821 is registered to Janis L. Ciaramello at that address.

On September 15, 2005, your affiant and Detective Faella met with the CS at a location in Johnston, Rhode Island. Your affiant and Detective Faella searched the CS'S person and vehicle for money and contraband with negative results. Your affiant and Detective Faella provided the CS with eighty dollars of Johnston Police Department official funds and an audio transmitter for security purposes only. Your affiant and Detective Faella, instructed the CS to go to 39 Boundary Avenue, Johnston, Rhode Island and attempt to purchase OxyContin from Janis or Frank Ciaramello. Your affiant and Detective Faella followed the CS to 39 Boundary Avenue without making any stops other than as necessary to comply with normal traffic signals. Your affiant and Detective Faella observed the CS exit his/her (CS) vehicle and enter the residence (39 Boundary Avenue, Johnston, Rhode Island). Your affiant observed and heard (via the audio receiver), the CS exchange greetings with a man in the doorway and refer to him as, "Frank." Shortly after, your affiant heard (via audio receiver) the CS greet an individual as, "Janis." Your affiant then heard the CS ask for a "couple of 20's or 80's." Your affiant knows from his training and experience, that individuals illegally purchasing or selling OxyContin, oftentimes refer to OxyContin by the milligram dosage unit. Your affiant heard a female voice (previously referred to as Janis by the CS), tell the CS that "Frank got wiped out and Dawn will be over in five minutes." Your affiant from his training and experience interpreted this to mean that Dawn would be arriving shortly with OxyContin for the CS. Approximately ten minutes later, your affiant and Detective Faella observed a vehicle

park across the street from 39 Boundary Avenue. Your affiant and Detective Faella then observed a white female exit the vehicle and enter the residence. Your affiant then heard the CS greet the woman as, "Dawn." Your affiant and Detective Faella then heard the CS ask for, "20's." Shortly after, your affiant observed the CS exit the residence, enter his/her (CS) car, and drive away. Your affiant and Detective Faella followed the CS to a pre-arranged spot, where the CS gave four pills to Detective Faella. Your affiant observed the four pills were marked with the scores, "OC" and "20". Your affiant knows from his training and experience that the four pills previously described are consistent with twenty milligram tablets of OxyContin. The CS reported to your affiant and Detective Faella that he/she (CS) purchased the OxyContin directly from Dawn. Your affiant and Detective Faella subsequently searched the CS and his/her (CS) vehicle for any additional contraband and or money with negative results.

On September 22, 2005, your affiant and Detective Faella again met with the CS at a location in Johnston, Rhode Island. Your affiant and Detective Faella searched the CS'S person and vehicle for money and contraband with negative results. Your affiant and Detective Faella provided the CS with eighty dollars of Johnston Police Department official funds and an audio transmitter for security purposes only. Your affiant and Detective Faella, instructed the CS to go to 39 Boundary Avenue, Johnston, Rhode Island and attempt to purchase OxyContin from Janis or Frank Ciaramello. Your affiant and Detective Faella followed the CS to 39 Boundary Avenue without making any stops other than as necessary to comply with normal traffic signals. Your affiant and Detective Faella observed the CS exit his/her (CS) vehicle and enter the residence (39 Boundary Avenue, Johnston, Rhode Island). Your affiant observed and heard (via the audio receiver), the CS exchange greetings with a man in the doorway and refer to him as, "Frank." Shortly after, your affiant heard (via audio receiver) the CS greet an individual as, "Janis." Your affiant then heard the CS ask for " 20's or 80's." Shortly after, your affiant observed the CS exit the residence, enter his/her (CS) car, and drive away. Your affiant and Detective Faella followed the CS to a pre-arranged spot, where the CS gave your affiant a small tan envelope, containing four pills, scored with markings consistent with twenty milligram OxyContin tablets. Your affiant and Detective Faella subsequently searched the CS and his/her (CS) vehicle for additional money and contraband with negative results. The CS reported to your affiant and Detective Faella that the CS purchased the OxyContin from Janis Ciarmello. According to the CS, Janis Ciarmello retrieved the OxyContin from her purse, where the CS observed two prescription pill bottles filled with eighty and twenty milligram OxyContin tablets. The CS reported that both pill bottles appeared to have had the labels torn off.

Your affiant has executed or assisted in the execution of numerous search warrants for controlled substances, including Oxycodone and for the records, books, documents, and proceeds derived from the trafficking in controlled substances. Your affiant has testified concerning the distribution and possession of controlled substances. Your affiant has received training from the Johnston Police Department and other law enforcement agencies in the means and methods used by persons in the drug trafficking business to distribute controlled substances and to disguise the source of proceeds generated from drug trafficking. Your affiant has had numerous conversations with law enforcement officers from the Drug Enforcement Administration, FDA-OCI, Internal Revenue Service (Criminal Investigative Division), and Immigration and Customs

Enforcement regarding the means and methods used by persons in the drug trafficking business to distribute controlled substances and to disguise the source of proceeds generated from drug trafficking.

Your affiant has been involved in numerous seizures of controlled substances including Oxycodone. You affiant has been involved in searches of dwellings and buildings out of which controlled substances have been sold or stored, and in which drug traffickers have resided. Your affiant has learned of, observed, or seized papers showing dates, names, and amounts, which papers your affiant believes to be drug ledgers; papers and photographs showing residency or occupancy of said premises; United States currency, which your affiant believes to be the proceeds of drug trafficking; firearms; controlled substances; financial records, including wire transfer receipts, believed to be drug trafficking proceeds; prescriptions for controlled substances, which I believe to be falsified and keys for safety deposit boxes where the proceeds of drug trafficking could be stored. Your affiant has also participated in searches and seizures in which narcotics and evidence of narcotics trafficking have been seized from common areas, such as a basement, and from outbuildings located on the premises being searched.

You affiant knows from his training and experience that drug traffickers, more often than not, keep controlled substances, as well as records containing names, addresses, and telephone numbers of purchasers and suppliers of controlled substances, and records of amounts of money owed both to and by the drug seller in their homes and in other premises used by them. These records are necessary to further the business of selling controlled substances. Such records and documents have been found in and seized from properties lived in or used by narcotics sellers. Furthermore, your affiant knows from his training and experience that occupants of these premises keep on those premises, more often than not, documents and records such as telephone bills, mortgage or rental receipts, mail, photographs, and bank records indicating both occupancy and ownership of those premises. Your affiant further notes, based on his training and experience, that drug dealers oftentimes keep proceeds of their drug sales either in their homes or premises used by them or in safety deposit boxes. They do this in an effort to avoid detection of said proceeds by the Internal Revenue Service. Your affiant further knows from his training and my experience or conversations with other law enforcement officers that drug traffickers:

a) often place their assets in names other than their own in order to avoid detection and forfeiture of those assets by government agencies;

b) continue to use assets referred to in subparagraph (a) above and to exercise dominion and control over those assets;

c) readily maintain large sums of cash to run and finance their drug trafficking activities;

d) attempt to legitimize the financial profits made from drug trafficking, and that in order to accomplish this, they utilize domestic and foreign banks, their attendant services, securities, cashier's checks, money drafts, letters of credit, brokerage houses, real estate, shell corporations, and business fronts;

e) usually maintain paraphernalia for the packaging, cutting, weighing and distribution of controlled substances, including paraphernalia such as, but not limited to, scales, plastic bags, and cutting agents.

[signature] M M

I know, based upon my training and experience, that persons who traffic in controlled substances normally maintain the records and documents of the kind described herein for long periods of time regardless of whether their value to the drug dealer has diminished. Oftentimes, this type of evidence is generated, maintained, and then forgotten about. Thus, documents that one would think a prudent person would destroy because of their incriminatory nature are still possessed months or even years after the documents came into the possession of the drug dealer. Oftentimes these individuals do not even realize the incriminatory nature of the documents they keep.

Based on the above facts, your affiant believes that probable cause exists for a search warrant of the residence at 39 Boundary Avenue, Johnston, Rhode Island.

11/3/05
Date

Affiant

In Providence, , Sc.

on this 3rd day of ~~April~~ November, 2005, before me personally came

Detective Alan Ross and made oath to the truth of the foregoing.

Judge of the District Court
Justice of the Supreme/Superior Court